IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:12-CR-00043 |
| | : | |
| v. | : | Judge Caldwell |
| | : | |
| NURA ZIADEH, et. al. | : | Electronically Filed |
| | : | |
| | : | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO RESTITUTION**

The Defendant, Nura Ziadeh, through counsel, respectfully submits this Supplemental Memorandum in Opposition to Restitution, and in support states:

The Presentence Report in this case relies on 18 U.S.C. 3663A as a basis for mandatory restitution.  Subsection (b)(1) and (b)(2) mirror the same provisions under 18 U.S.C. 3663, when restitution is not mandatory.  In each case, the statute provides categories of restitution that may or shall be ordered, respectively.  18 U.S.C. 3663A provides, in pertinent part:

> (b) The order of restitution shall require that such defendant—
> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—
> (A) return the property to the owner of the property or someone designated by the owner; or
> (B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to—
> (i) the greater of—
> (I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less

(ii) the value (as of the date the property is returned) of any part of the property that is returned;

(2) in the case of an *offense resulting in bodily injury* to a victim—

(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) *reimburse the victim for income lost by such victim as a result of such offense*;

…

(4) *in any case*, *reimburse the victim for lost income* and necessary child care, transportation, and other expenses *incurred during participation in the investigation or prosecution* of the offense or attendance at proceedings related to the offense.

18 U.S.C. 3663A (emphasis added).

A reading of the plain language of the statute reveals that ordering restitution of lost wages is only permitted to the extent an individual suffered bodily injury, or for lost wages incurred through participation in the investigation of the offense.  In this instance, neither option is available for restitution.

Each individual seeks payment of lost wages which are not available under the statute absent a showing that the offense resulted in bodily injury, or was

incurred during participation in the investigation.  There has been no testimony, statement or other evidence produced sufficient to establish that either of these scenarios occurred for the individuals seeking restitution.

The Fourth Circuit addressed this issue in *United States v. Bonetti*, 277 F.3d 441 (4th Cir. 2002), holding that the government must prove, 1) that the violation of section 1324 actually resulted in bodily injury, and 2) the victim in fact suffered lost income.   *Id*. at 452.   In *Bonetti*, the Fourth Circuit looked specifically at Section 1324(a)(1)(B)(iii), after a jury found the defendant guilty of that subsection, which is a conviction to an offense where bodily injury resulted.  *Id*. at 446.  Ms. Ziadeh plead to a violation of Section 1324(a)(1)(B)(i), that does not include bodily injury.  The lower court in *Bonetti* concluded that if the lost income resulted from a violation of 1324(a)(1)(B)(i), that restitution was not warranted, and the Fourth Circuit did not disturb this logic.  *Id*. at 452.

In this instance, there has been no finding that bodily injury resulted from the offense.  Bodily injury was not alleged in the Indictment or proven to a jury beyond a reasonable doubt, unlike in *Bonetti*.  *See Id*. at 446.  To award restitution in this case would violate Ms. Ziadeh's Fifth Amendment protection against taking property without Due Process of law, and violate her constitutional confrontation rights.

**WHEREFORE**, the defendants respectfully move this Honorable Court to

Find that no restitution is properly awarded to any person listed in paragraphs 47-52 of the Presentence Report.

Respectfully submitted,

___s/ Bradley L. Henry_
Bradley L. Henry
The Blanch Law Firm, PC
Attorneys for Nura Ziadeh
261 Madison Avenue, 12th Floor
New York, NY 10016
(212) 7736-3996
bhenry@blanchpc.com

December 9, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification to all attached parties.

Dated: December 9, 2013                    _____/s/ *Bradley L. Henry*_
Bradley L. Henry