
# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | Criminal No. 1:12-CR-00043 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| **NURA ZIADEH**, | : | (electronically filed) |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MEMORANDUM IN OPPOSITION TO RESTITUTION

The United States of America, by its undersigned counsel, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, submits the following Response in Opposition to the Defendant's December 9, 2013 Supplemental Memorandum of Law in Opposition to Restitution wherein she claims that restitution for underpayment of wages cannot be ordered by the Court.

In her supplemental memorandum, the Defendant states that ordering restitution of "income lost" is only permitted to the extent an individual suffered bodily injury, or for lost wages incurred through participation in the investigation of the offense and in this case neither option is available to order restitution. Defendant's argument is misplaced and without merit.

It should be noted that the Defendant agreed to make restitution in her plea agreement. Plea Agreement, ¶ 15. Specifically, the Defendant agreed as part of her sentence to make restitution. *Id.*

Nonetheless, restitution in this case is mandatory. 18 U.S.C. § 3663A. Contrary to Defendant's claim, the victims are not seeking "income lost" because they were unable to work. Rather, the victims are asking to be made whole for their pecuniary loss. Specifically, they are entitled to restitution (fair compensation) for the work they already performed. The money was promised to them, but defrauded from them by the defendant. The difference is significant.

The women were promised a wage, indeed one was required by law, and despite performing the services were not properly paid for those services. This applies to anyone who provides a service for the benefit of another. To hold otherwise, defies logic and would unjustly enrich fraudsters and scammers.

Restitution is available for almost any federal offense which causes an identifiable victim a recoverable loss. The United States agrees that where the offense only resulted in property loss or damage, and did *not* result in bodily injury, restitution would ordinarily *not* be authorized for the victim's *lost income* due to an inability to work. *United States v. Quillen*, 335 F.3d 219 (3d Cir. 2003); *United States v. Onyiego*, 286 F.3d 24 (5th Cir. 2002); *United States v. Mullins*, 971 F.2d 1138 (4th Cir. 1992). But again, that is not the case here.

Enacted by the MVRA, 18 U.S.C. § 3663A(c)(1) provides:

This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense—

    (A) that is—
        (i) a crime of violence, as described in section 16;

        (ii) an offense against property under this title, or under section 416(a) of the Controlled Substance Act (12 U.S.C. 856(a)), including any offense committed by fraud or deceit; or

        (iii) an offense described in section 1365 (relating to tampering with consumer products); and

    (B) *in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.*

Here, there are identifiable victims who suffered pecuniary loss.

While the offenses of conviction are concealing, harboring and shielding aliens from detection it was clearing done for commercial advantage and private financial gain. Indictment; 8 U.S.C. § 1324(a)(1)(A)(iii). Nonetheless, in 1990, Congress permitted restitution, in accordance with a plea agreement, even for offenses where there was no conviction. The Mandatory Victim Restitution Act of 1996 (MVRA)'s 18 U.S.C. § 3663A(c)(1) continues that rule, and expressly applies to "plea agreements relating to charges for, any offense" described in

2

subsection (c)(1)(A).  The MVRA directs the Attorney General to ensure that "in all plea agreements ... consideration is given to requesting that the defendant provide full restitution to all victims of all charges contained in the indictment or information, without regard to the counts to which the defendant actually pleaded." 18 U.S.C. § 3551 note.  Congress expanded the definition of a "victim" in the VWPA to include all those harmed in the course of a scheme, conspiracy or pattern of criminal activity for any offense that has as an element a scheme, conspiracy or pattern of criminal activity.  Pub. L. No. 101-647, 104 Stat. 4789, 4863, Section 2509 (Nov. 29, 1990), codified at 18 U.S.C. § 3663(a)(2).  There can be no doubt that the women harmed in this case constitute victims under the statute.

     A victim must be "directly and proximately harmed as a result of the commission of the offense for which restitution may be ordered."  18 U.S.C. § 3663A(a)(2).  In the offense, an "identifiable victim" must have "suffered a physical injury or pecuniary harm."  18 U.S.C. § 3663A(c)(2).  The MVRA's addition of the definition of victim as someone "directly and proximately harmed" by the offense provides a standard of causation for the inclusion of harms for which restitution is authorized. "Proximately" implies the familiar "proximate cause" test in tort law. It contains an objective test (what harm is within the "but for" sphere of harms caused by the defendant's conduct) and a subjective test (what harm was "reasonable foreseeable" to the defendant).  The "foreseeability" test is applicable to criminal law's focus on a defendant's mental state, and has been the underlying causation standard used throughout criminal law, from the "Pinkerton" test for conspiracy liability, to the federal sentencing guidelines' definition of economic loss (U.S.S.G. §2B1.1 n.2) and inclusion of co-conspirators' acts in relevant conduct (U.S.S.G. §1B1.3(a)(2)).  Here, the victims would not have suffered pecuniary loss *but for* the Defendant's conduct, which was not only reasonably foreseeable, but part of the actual scheme – as admitted in the offense conduct.

     Actual loss, which is often referred to as "but for" loss, is defined in the guideline application notes as "the reasonably foreseeable pecuniary harm that resulted from the offense."  USSG § 2B1.1, comment. (n.3(A)(i)).  As further explained by the application notes, pecuniary harm is reasonably foreseeable if it is "harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense."  USSG § 2B1.1, comment. (n.3(A)(iv)).  As stated above, the Defendant knew that the women were being paid sub-standard wages for their services in violation of law and directly benefited from the scheme.

Furthermore, actual loss also includes all relevant conduct. *See United States v. Neadle*, 72 F.3d 1104, 1108 (3d Cir. 1995), *amended by* 79 F.3d 14 (3d Cir. 1996). The loss figure is not limited to the losses that are directly attributable to acts of the defendant. Losses caused by the acts of co-conspirators that were reasonably foreseeable to the defendant should also be included in the loss calculation. *United States v. Catalfo*, 64 F.3d 1070, 1082-83 (7th Cir. 1995); *see also United States v. Robinson*, 603 F.3d 230, 234 (3d Cir. 2010)*; United States v. Treadwell*, 593 F.3d 990, 1003 (9th Cir. 2010); *United States v. Jenkins-Watts*, 574 F.3d 950, 961 (8th Cir. 2009); *United States v. Nash*, 338 F. App'x 96, 98-99 (2d Cir. 2009); *United States v. Mauskar*, 557 F.3d 219, 233 (5th Cir. 2009); *United States v. Wilkins*, 308 F. App'x 920, 929 (6th Cir. 2009); *United States v. Codarcea*, 505 F.3d 68, 72 (1st Cir. 2007); USSG §1B1.3(a)(1)(B). *But see United States v. Goodheart*, 345 F. App'x 523, 525 (11th Cir. 2009) (finding that the sentencing judge "made no required individualized findings" about when the defendant actually joined the conspiracy for the purposes of establishing loss). Even if the defendant were to argue that the employers were the ones that caused the victims to suffer pecuniary loss, the loss is attributable to the Defendant as they were reasonably foreseeable. This is particularly true given that the Defendant entered into contracts with the employers and was informed about the wages by both the victims and employers.

The court *shall* order restitution to each victim *in the full amount of each victim's losses*, as determined by the court and without consideration of the economic circumstances of the defendant. The standard is a preponderance of the evidence. *United States v. Ali*, 508 F.3d 136, 139 (3d Cir. 2007). The Court of Appeals reviews a restitution order under a bifurcated standard: plenary review of whether restitution is permitted by law and abuse of discretion as to the particular award. *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003).

WHEREFORE, based upon all the foregoing, the Court should deny the Defendant's request to not order restitution for the victims' losses.

    Respectfully submitted,

    PETER J. SMITH
    United States Attorney

Dated:  December 12, 2013    BY:  s/ Daryl F. Bloom
    DARYL F. BLOOM
    Assistant United States Attorney

Daryl.Bloom@usdoj.gov
PA73820

228 Walnut Street, Suite 220

Harrisburg, Pa. 17108

Phone: 717-221-4482
Fax:   717-221-2582

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | Criminal No. 1:12-CR-00043 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| **NURA ZIADEH**, | : | (electronically filed) |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 12th day of December, 2013, he served a copy of the attached

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MEMORANDUM IN OPPOSITION TO RESTITUTION

by placing electronic means to the address set forth below:

ADDRESSEE(S):
Bradley L. Henry
bhenry@blanchpc.com

<div style="text-align:right">

s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney

</div>